MASHETER, DIR. OF HWYS., APPELLANT, *v.* BENUA ET AL., APPELLEES.

[Cite as Masheter v. Benua (1970), 24 Ohio App. 2d 7.]

(No. 9804—Decided July 28, 1970.)

*Mr. Paul W. Brown,* attorney general, and *Mr. Harry R. Paulino,* for appellant.

*Messrs. Porter, Stanley, Treffinger & Platt, Mr. Frederick O. Jolley, Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. William Holmes,* for appellees.

STERN, J. This is an appeal by the plaintiff from an order issued by the Court of Common Pleas of Franklin County setting aside and holding for naught the default judgment rendered in favor of the state of Ohio on November 13, 1969. Appellees, defendants below, filed a motion to dismiss the appeal on the ground that the order appealed is not a "final appealable order."

Plaintiff filed a petition on August 1, 1969, in the

Court of Common Pleas together with a declaration of intention to take possession of the property at a value of $53,920. On September 15, 1969, defendants filed a motion to quash summons on the ground that plaintiff's counsel failed to affix his written signature to the petition even though the names of the Attorney General and the Assistant Attorney General had been typed on the petition. On November 10, 1969, the trial judge signed an entry overruling defendants' motion to quash; then, on November 13, 1969, no answers having been filed by the landowners, a default judgment was entered, and the court, based upon the value of the property as stated in the declaration of intention to take possession, ordered title to the property conveyed to the state of Ohio. On November 17, 1969, the landowners filed their answers; on November 26, 1969, they filed their motion to set aside the default judgment. On April 17, 1970, the trial court vacated the entry of November 13, 1969, and granted the landowners leave to file their answers under the then existing rules of the Court of Common Pleas. The landowners refiled their answers on April 22, 1970, after having withdrawn by court authority the deposit for the value of the land.

This case being an appropriation proceeding, the entire procedure is regulated entirely by statute (R. C. Chapter 163) under which all interested parties are directed to proceed. A condemnation proceeding is one in rem, and for that reason there are no definite issues which admit affirmation on one side and denial on the other.

R. C. 163.05 sets forth the specific guidelines which are to be followed in filing a petition for appropriation. They may be summarized as follows:

(1) The petitioner has authority to make the appropriation.

(2) The land sought to be taken and the nature and extent of the interest sought to be so taken.

(3) The names of the owners and other parties in interest.

In enacting the Act, the law-making body made certain specific requirements which a landowner must follow

when properly served with the necessary legal documents filed by the appropriating authority. The requirement which is the crux of this case is the filing of an answer, if the landowner decides to do so. The Act provides that "no extension of time for filing an answer shall be granted," R. C. 163.08.

In *Cincinnati* v. *Bossert Machine Co.* (1968), 16 Ohio St. 2d 76, the Supreme Court stated that this statutory enactment was a mandate that must be obeyed by the trial court; that R. C. 163.08 does not violate due process or infringe upon any judicial prerogative.

The question presented in this case is whether the filing of a motion by a landowner to the appropriator's petition delays the time for the filing of the answer. This question is based on the fact that in this case the ruling on the landowners' motion to quash was made and journalized after the answer date, as stated in the summons, had passed.

In enacting this Act the General Assembly made no provision for the filing of motions, demurrers, etc. The Legislature evidently felt that for the public welfare these cases should move as fast as they could through our courts so that there would be a minimum of delay in proceeding with the project for which the land was being appropriated. R. C. 163.08 provides what the landowner's answer is to contain. The policy of strictly limiting the rights and duties of the interested parties in an appropriation proceeding as contained in the Act is not new or novel. In *Thormyer, Acting Dir.,* v. *Irvin* (1960), 170 Ohio St. 276, the Supreme Court said, in interpreting the statutes then in effect pertaining to appropriation cases (R. C. 5519.01 *et seq.*), that if the landowner wanted to raise questions other than a determination of the amount of compensation and damages to which he is entitled such questions would have to be determined in a separate action to enjoin the proceeding.

The question of the propriety of the motion to quash summons is not before us for determination except to the extent that if the landowner decided to attack the petition

it had to be done in a separate cause on the basis that the petition was improperly drawn and thus the proceeding should be enjoined.

Even if one were to assume that there was a defect in the petition by reason of the failure of counsel for the appropriator to sign the petition, this defect, if any, could have been cured by the power granted to courts to amend and correct pleadings, R. C. 2309.58. However, with such claimed defect the issues of the proceeding were not changed or even affected by such claim. The sole issue in an appropriation case is the question of proper valuation of the property to be appropriated.

The General Assembly, in limiting the right of a landowner to filing an answer to the petition if he so chooses, is within the realm of legislative authority to cause this type of case to proceed through the courts as quickly and expeditiously as possible.

Therefore, by virtue of the statutes involved and the interpretation given to them by the Supreme Court of Ohio, a pleading filed in an appropriation matter which does not directly attack the issues in an appropriation proceeding (as stated in the agency's petition) is not to be considered by the courts as an extension of the time to file an answer as provided in R. C. 163.08. If such a motion is filed, the landowner is still required to file his answer, if he elects to do so. The only exception to this rule is that if the appropriating authority fails to file a statement in the suit as to the valuation of the property to be appropriated the appropriating authority cannot proceed to have the court assess the value of the property if the landowner elects not to file an answer. *Board of Edn.* v. *Dudra* (1969), 19 Ohio St. 2d 116. In the case at bar the document designating the state's valuation of the property was filed with the petition.

We, therefore, hold that the filing of the motion to quash did not toll the time for filing the answer by the landowners, and that at the time the court declared the value of the property taken it did so in accordance with R. C. 163.09. The landowners had no answer on file on November 13, 1969.

In the absence of anything in the record to the contrary, this court has to assume that the trial court, in signing the entry on November 13, 1969, did so pursuant to law upon a motion of the public agency. The statute does not require that the motion be written or oral, the statutes do not require that notice be given to the landowner.

R. C. 163.09 implies that the failure of a landowner to file an answer evidences the landowner's knowledge of the value of the property taken as stated in the appropriator's filed document and that the landowner is willing to accept such declared value.

It is the holding of this court that the trial court erred in vacating the judgment entry of November 13, 1969. There was no answer on file on that date, and there is no authority in the Ohio Eminent Domain Act to consider the answers filed by the landowners on November 17, 1969, as properly filed answers.

We come then to consider the landowners' motion to dismiss the appeal on the ground that the order appealed from is not a final appealable order.

Where the issue presented is as in the case at bar, the termination of the action by virtue of the judgment entry signed by the trial court on November 13, 1969, did in fact terminate the action as far as the Common Pleas Court was concerned (as of that date). The issue presented at this point is whether such termination should have been vacated. We have held that the trial court erred in vacating the judgment of November 13, 1969. Therefore, the order appealed from is a final appealable order.

The order issued by the trial court on April 14, 1970, sustaining the landowners' motion to set aside the default judgment is reversed. The Common Pleas Court judgment entry of November 13, 1969, is to stand as the judgment in this case.

*Judgment accordingly.*

TROOP, P. J. and HOLMES, J., concur.