OHIO RIVER PIPE LINE, LLC, Appellant,

v.

HENLEY et al., Appellees.

[Cite as *Ohio River Pipe Line, LLC v. Henley* (2001), 144 Ohio App.3d 703.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 00CA16.

Decided Jan. 16, 2001.

*Shelly R. Harsha,* for appellant.

*Mark R. Riegel* and *D. Joe Griffith,* for appellees.

GWIN, Presiding Judge.

Plaintiff-appellant, Ohio River Pipe Line, LLC, appeals a summary judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of defendants-appellees, various property owners, the Fairfield County Treasurer, and other easement holders in sixteen consolidated cases. Appellant assigns four errors to the trial court:

## ASSIGNMENTS OF ERROR

"Assignment of Error No. 1

"The trial court erred by refusing to enforce appellee's admissions regarding ORPL's right to appropriate property under R.C. Chapter 1723.

"Assignment of Error No. 2

"The trial court erred in failing to conduct the mandatory necessity hearing.

"Assignment of Error No. 3

"The trial court erred in concluding that ORPL will not transport petroleum or oils through the proposed pipeline.

"Assignment of Error No. 4

"The trial court erred by failing to grant ORPL's motion for reconsideration."

The trial court's memorandum of decision, filed January 7, 2000, states that the parties stipulate that there are no issues of material fact. The court outlined the underlying facts in its memorandum. Ohio River Pipe Line began this proceeding by filing petitions for appropriation of an easement interest in real property on June 9, 1999. Ohio River Pipe Line requested the appropriation of easements across the various properties to construct a petroleum-product pipeline from Canova, West Virginia, to Columbus, Ohio. Appellants invoked the jurisdiction of the court pursuant to R.C. Chapters 163 and 1723.

Appellees filed verified answers to the petition on July 8, 1999. The answers denied that appellant's right to make the appropriation, denied that the parties have been unable to agree, and denied the necessity of the requested appropriation. The trial court consolidated all of the cases for all proceedings except damage hearings. On July 23, 1999, appellees filed their first motion for summary judgment, arguing that Ohio River Pipe Line had failed to obtain the permission of the county commissioners and board of township trustees to install the proposed pipeline along or under public roads. On July 30, 1999, Ohio River Pipe Line filed its response and formally moved the court to conduct the mandatory necessity hearing pursuant to R.C. 163.09. Ohio River Pipe Line's response asserted that the statute required a necessity hearing within five to fifteen days of the filing of defendant's answer. The trial court overruled appellees' motion for summary judgment, finding that it was required to hold the necessity hearing mandated by R.C. 163.09. The court stopped the discovery proceedings that had been under way and set the necessity hearing for October 12, 1999.

Appellees filed a second motion for summary judgment on September 13, 1999. For the first time, appellees argued that Ohio River Pipe Line did not qualify under R.C. 1723.01 to appropriate an easement because the intended purpose of the pipeline was not that specified by the statute. On October 14, 1999, the trial court reversed its earlier decision and reinstated the discovery process, resetting the necessity hearing for January 10, 2000. Instead, on January 7, 2000, the trial court found that a necessity hearing was not required because Ohio River Pipe Line did not qualify under the statute as a matter of law.

### Assignment of Error Nos. I and II

R.C. 163.05 requires a petition for appropriation to contain a description of the parcel of land, a statement that the appropriation is necessary, a statement of the purpose of the appropriation, a statement of the interest sought to be appropriated, a statement of the names and addresses of the owners, a statement that the agents and the owner are unable to agree, and a prayer for relief. R.C. 163.08 outlines the answer a property owner makes. The answer may contain either a general denial, or specific denial of any material allegation not admitted. The owner may challenge the agency's right to make the appropriation, the inability of the parties to agree, and/or the necessity of the appropriation. R.C. 163.08 requires the trial court to resolve these issues in favor of the agency unless such matters are specifically denied in the answer, and the answer sets forth the facts the owner relies upon in support of the denial.

R.C. 163.09(B) states that when an answer is filed and any matters relating to the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation are specifically denied, then the court shall set a

day not less than five nor more than fifteen from the date of the answer to hear such questions. The statute specifically places the burden of proof on the property owner.

In its first assignment of error, Ohio River Pipe Line argues that the trial court erred when it did not enforce the specific pleading requirements in R.C. 163.08. Appellant urges that its petition complied with the statute setting forth the elements of its petition, and appellees' answer did not state specific facts supporting their denial of the allegations in the petition. Appellant urges that these issues are deemed admitted and that the trial court should have set the matter for a valuation hearing. In the alternative, if the court deemed that the answers were sufficiently specific, then it should have conducted the necessity hearing mandated by the statute, within fifteen days of the filing of the answer. Instead, the trial court delayed, permitting appellees to conduct discovery and to file motions for summary judgment.

In *Masheter v. Benua* (1970), 24 Ohio App.2d 7, 53 O.O.2d 89, 263 N.E.2d 403, the Tenth District Court of Appeals, for Franklin County, examined the procedures to be used in appropriations proceedings. The court noted in an appropriations proceeding that the entire procedure is entirely regulated by R.C. Chapter 163, which sets forth specific guidelines to be followed. *Masheter* at 8, 53 O.O.2d at 89–90, 263 N.E.2d at 404–405. The court noted that the legislature was very specific and allowed for few delays or extensions of time. The *Masheter* court found that the legislative intent was that the cases should move as quickly as possible through the court so there is a minimum of delay in proceeding with the project, and the General Assembly was within its authority to set up a procedure so this type of case could proceed as quickly and expeditiously as possible. *Masheter* at 10, 53 O.O.2d at 90–91, 263 N.E.2d at 405–406.

Appellant cites *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 603 N.E.2d 1005, where the Ohio Supreme Court issued a writ of mandamus directing a trial court to conduct the R.C. Title 163 necessity hearing. Appellant cites this case in support of its argument that it was entitled to the hearing and could have secured an extraordinary writ in order to secure it.

Following the procedure outlined by the General Assembly, it is clear that the trial court should have reviewed appellees' answer, and determined whether it contained the specificity to require that the necessity hearing be held. If the trial court determined that the answer did not contain sufficient facts, it should have proceeded to the damages hearing. If the trial court found that the answer did have sufficient facts, it should have scheduled the necessity hearing five to fifteen days after the date the answer was filed, July 8, 1999. The statute requires that the necessity hearing should deal with any issues raised by the

answer, including any matters relating to right to make the appropriation, the inability of the parties to agree, or necessity for the appropriation.

On July 30, 1999, Ohio River Pipe Line moved the court to set the mandatory necessity hearing pursuant to R.C. 163.09. Appellant also asserted that the statutory procedure did not allow for discovery. Nevertheless, appellant proceeded with lengthy discovery and did not pursue its right to a necessity hearing by seeking a writ of mandamus.

We find when the appellant failed to pursue its right to an immediate necessity hearing and instead proceeded with its own discovery requests, it waived its right to raise this issue. Further, in the summary judgment proceedings the trial court reviewed all the issues that should have been raised in the necessity hearing. Thus we find no prejudicial error.

The first and second assignments of error are overruled.

### Assignment of Error Nos. III and IV

The trial court analyzed R.C. 1723.01, which permits a company organized for the purposes of transporting petroleum to appropriate land. The court found that it was undisputed that appellant was appropriating the land in order to build a pipeline to transport petroleum by-products or petroleum derivatives such as gasoline, kerosene, jet fuel, or diesel fuel. The trial court found that the ordinary use of the word "petroleum" includes only such substances that are found naturally occurring, and thus by definition the word "petroleum" alone would not include petroleum derivatives or by-products. The trial court concluded that appellant's proposed use of the pipeline did not qualify it to appropriate appellees' property and denied the appropriation as a matter of law.

The day after the trial court announced its memorandum decision, and before it journalized a judgment entry, appellant moved for reconsideration and submitted affidavits asserting that the term "petroleum" as used in the industry includes such things as gasoline, diesel fuels, and jet fuels. The trial court denied the motion and struck the new evidence from the record. The trial court then journalized its decision.

The trial court correctly held that the Rules of Civil Procedure do not provide for a motion for reconsideration, citing *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379, 21 O.O.3d 238–239, 423 N.E.2d 1105, 1106. However, the motion and accompanying evidentiary materials were filed before the decision was journalized. Only after the decision is journalized does it become a final appealable order. Thus the trial court could have considered the additional evidence had it chosen to do so.

On appeal of a summary judgment, this court stands in the shoes of the trial court and conducts a *de novo* review of the proceedings. *Smiddy v. The*

*Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. We have reviewed the record and find that the evidence offered in support of the motion for reconsideration is helpful to the determination of the issue the trial court has identified as being crucial to this case, namely, what the legislature meant when it used the term "petroleum" in R.C. 1723.02. Even without recourse to the additional materials, however, we find that the trial court erred in finding that the term petroleum means only naturally occurring substances and not petroleum by-products.

We must read R.C. Title 1723 as a whole to understand to what substances the legislature referred in using the term "petroleum." R.C. 1723.06 uses the term "oils" instead of "petroleum." The statute does not distinguish between the two words but uses them interchangeably. Elsewhere in the Revised Code, the legislature has defined the words "petroleum" and "oil" synonymously. See R.C. 3737.87; R.C. 3746.01; R.C. 1509.01. The Ohio Supreme Court has recognized that it is helpful to look to definitions elsewhere in the Revised Code to determine the meaning of terms not defined in a particular statute. See *Akron Transport Co. v. Glander* (1951), 155 Ohio St. 471, 44 O.O. 435, 99 N.E.2d 493.

Appellant cites case law in which courts have construed the term "petroleum" to include refined petroleum products. See *Nat. Gas & Oil Corp. v. Hamby* (Mar. 20, 1981), Muskingum App. No. CA 80–27, unreported, 1981 WL 6185, citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146.

The affidavits offered by appellant in support of its motion for reconsideration likewise bolster the construction of the term "petroleum" to include refined substances and petroleum by-products.

We find that the trial court erred in determining that the proposed use of appellant's pipeline did not meet the statutory requirements to permit appellant to appropriate appellees' property.

The third assignment of error is sustained. The fourth assignment of error is moot.

For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is reversed, and final judgment as a matter of law is hereby entered in favor of appellant pursuant to App.R. 12. The cause is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.

*Judgment accordingly.*

HOFFMAN and WISE, JJ., concur.