[Cite as *Dublin v. Beatley*, 2018-Ohio-3354.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF DUBLIN, | : | JUDGES: |
| | : | Hon. W. Scot Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JACK K. BEATLEY, et al., | : | Case No. 18 CAE 01 0007 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County
Court of Common Pleas, Case No.
17 CVH 04 0269

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 21, 2018

APPEARANCES:

For Plaintiff-Appellee

PHILIP K. HARTMANN
YAZAN S. ASHRAWI
Frost Brown Todd LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215

For Amicus Curiae, Ohio Department of
Transportation

MICHAEL DEWINE
Attorney General of Ohio
By: ERIC M. HOPKINS and
L. MARTIN CORDERO
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215

For Defendants-Appellants

KEVIN E. HUMPHREYS
332 W. 6th Avenue
Columbus, Ohio 43201

*Baldwin, J.*

{¶1}    Appellant, Jack K. Beatley, appeals the Delaware County Common Pleas Court's December 26, 2017 denial of Appellant's Challenge to the Necessity of the Appropriation, and Appellee's Right to Appropriate the Property.  Appellee is the City of Dublin.  Jon Peterson, Delaware County Treasurer, is a nominal party but did not participate in this appeal.

## STATEMENT OF FACTS AND THE CASE

{¶2}    This case arises from Appellee's attempt to appropriate a portion of Appellant's property, namely, approximately 0.155-acre fee simple interest, all of which is encumbered with a roadway easement (also known as Present Road Occupied or P.R.O.), without limitation to existing access; an approximately 0.045-acre permanent slope, grading, and drainage easement; and an approximately 0.037-acre temporary construction easement, for the construction of the Glick Road Shared-Use Path (the Project).

{¶3}    Appellee has been working to complete the Project since late 2012 or early 2013 when they approached Appellant and described their plans.  Appellant reportedly rejected the plan and vowed to fight the Appellee if it continued with the Project.

{¶4}    On February 24, 2014 Appellee adopted Resolution 15-14 (the "Resolution"), declaring Appellee's need for the property from Appellant and its intent to appropriate that property. A copy of that resolution was personally delivered to Appellant on March 3, 2014. On May 5, 2014 Appellee adopted Ordinance Number 26-14 (the "Ordinance"), authorizing Appellee to proceed with an appropriation action and take all steps necessary to appropriate the property interest from Appellant. Coincidentally,

Appellant attended the City Council meeting on that date and made his opposition to the Project clear. On August 4, 2016 Appellee served a notice of intent to acquire and good faith offer letter (the "notice") as well as a copy of the city's appraisal report on Appellant personally. Because there was no agreement regarding the appropriation of the property interests of the Appellant, Appellee filed its petition for appropriation in the Delaware County Court of Common Pleas. Appellant filed a motion to dismiss the petition and the trial court denied that motion. On November 21, 2017, Appellant filed his answer challenging the necessity of the appropriation as well as Appellee's right to make the appropriation. The Appellee requested the trial court set a hearing to determine these challenges pursuant to the requirements of R.C. 163.09 (B)(1) which states that the trial court "**shall** set a day, not less than five nor more than fifteen days from the date the answer was filed to hear these matters." (Emphasis added). A hearing was scheduled for Friday, December 1, 2017.

{¶5} Appellee presented the testimony of Paul Hammersmith, Director of Engineering for Appellee since January 2002. Mr. Hammersmith confirmed that the Project involved the use of the property sought for public purposes, namely a shared-use path that would be part of the public infrastructure. The path was part of a larger project connecting these paths throughout the Appellee's territory to accommodate pedestrians and non-motorized vehicles. Mr. Hammersmith described the property rights sought as necessary for the completion of the project.

{¶6} Appellee offered into evidence the resolution and ordinance authorizing the appropriation as well as two exhibits describing the Appellee's general plan for such paths in the municipality and maps showing current and future shared use paths.

{¶7}   Appellant testified and presented several exhibits.  He claimed the project would interfere with access to his property and suggested that the Appellant should consider a different location for the path.  He also expressed the concern that the path would be installed within fifteen feet of the face of his house, placing him in violation of local setback requirements.   Appellant conceded on cross-examination that he had "not been able to come to an agreement with the City of Dublin about the proposed acquisition" (Tr, page 92, l. 17-19) and contended that the Appellant could construct the shared use path within the current easement without acquiring any additional property interest from Appellee.

{¶8}   The trial court issued its decision on December 26, 2017 concluding "that the appropriation is in fact necessary and that Dublin is entitled to proceed with its efforts to appropriate Beatley's property." (Judgment Entry, December 26, 2017, page 1) Appellee filed his notice of appeal on January 25, 2018 and submitted six assignments of error:

{¶9}   "I. THE TRIAL COURT COMMITTED AN ERROR OF LAW IN ITS CONCLUSION THAT SUBJECT MATTER JURISDICTION WAS NOT LACKING."

{¶10}   "II. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT DUBLIN HAD A RIGHT TO APPROPRIATE MR. BEATLEY'S REAL PROPERTY FOR A USE DESCRIBED AS A "MULTI-USE" PATH."

{¶11}   "III. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT DUBLIN HAD A RIGHT TO APPROPRIATE EXCESS PROPERTY BEYOND THAT REQUIRED FOR THE MULTI-USE PATH."

**{¶12}** "IV. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT DUBLIN ESTABLISHED THAT THE TAKING WAS NECESSARY."

**{¶13}** "V. THE TRIAL COURT ERRED IN ITS CONCLUSION THAT DUBLIN HAD A RIGHT TO MAKE THE TAKE(sic), WHEN DUBLIN FAILED TO DEMONSTRATE COMPLIANCE WITH R.C. 163.04(E)."

**{¶14}** "VI. THE TRIAL COURT ERRED IN ITS ADMISSION OF EVIDENCE AND TESTIMONY RECEIVED FROM MR. HAMMERSMITH."

## STANDARD OF REVIEW

**{¶15}** The Appellant's first assignment of error addresses the subject matter jurisdiction of the trial court and, on that issue, our review is *de novo. Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 03 0012, 2015-Ohio-781, ¶ 9. We are limited to determining whether there is competent and credible evidence to support the trial court's finding of a lack of abuse of discretion when reviewing assignments Two through Four. As we held in *Atwood Regional Water & Sewer Dist. v. Smith*, 5th Dist. Tuscarawas No. 2016 AP 05 0026, 2017-Ohio-206, ¶ 33:

Here Appellee *** adopted a resolution of necessity for the appropriation. Thus, under R.C. § 163.09(B), the burden of proof fell upon [Appellant] to demonstrate that the appropriation was not necessary. In order to find that there was no necessity for the appropriation, the trial court would have had to determine that Appellee ***abused its discretion. In reviewing the trial court's conclusion that there was no such abuse of discretion, we are limited to determining whether the decision was supported by competent and credible evidence. *City of Toledo v. Kim's Auto*

*& Truck Service, Inc.,* 6th Dist. No. L–02–1318, 2003–Ohio–5604, at ¶ 10;

*Erie–Ottawa–Sandusky Regional Airport Authority v. Orris* (Sept. 13, 1991),

6th Dist. No. 90–OT–039, at *4.

In the Sixth assignment of error Appellant contends the court erred in the admission of evidence, and for that issue, our review is focused on whether the trial court committed an abuse of discretion. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343(1987)

## ANALYSIS

## FIRST ASSIGNMENT OF ERROR

**{¶16}** Appellant reviews the language of pertinent Revised Code Sections and concludes, citing the holding in *Ohio Water Serv. Co. v. Wash.,* 87 Ohio Law Abs. 1, 176 N.E.2d 360 (C.P.1961) as authority, that the adoption of an appropriation ordinance constitutes a "legislative appropriation" and that Chapter 163 of the Ohio Revised Code requires notice of the appropriation as well as service of copy of the appraisal prior to that "legislative appropriation." Further, Appellant contends the trial court had no subject matter jurisdiction because the Appellee did not serve a copy of the appropriate documents upon the mortgagee of the property.

**{¶17}** With regard to the failure to include the mortgagee as a party and serve it notice, R.C. 163.12 addresses that issue in favor of the court maintaining subject matter jurisdiction. "Since the trial court is able to cure any defect in the appropriation process, including notice to a party in interest, through the application of R.C. 163.12, thereby protecting the due process rights of the landowner, it cannot be said that non-compliance with the notice provision contained in R.C. 719.05 divests the trial court of subject matter

jurisdiction." *City of Alliance v. Zellweger*, 5th Dist. Stark No. 2000CA00093, 2001 WL 256319, *3. Consequently, the assertion that the court had no subject matter jurisdiction as a result of not including the mortgagee fails. We note that the record does reflect that the Appellee has requested leave to add the mortgagee and the court has granted said leave pending resolution of this appeal.

{¶18} Appellant noted in his prehearing brief filed with the trial court on November 30, 2017 that:

> [w]hile a great body of case law has evolved pertaining to judicial appropriation proceedings as "special statutory proceedings," it is important for this court to recognize that the provisions of R.C. 163.01, et seq., underwent substantial revision in 2007. Therefore any judicial determination involving appropriation proceeding that was commenced before the October 10, 2007, amendments must be evaluated as to the effect of the present form of the legislative text.

{¶19} We agree that judicial decisions that predate the codification of the process of appropriation in Chapter 163 may be of little precedential value. We therefor find that Appellant's reliance on a common pleas court case, *Ohio Water, supra,* which has no binding effect on this court and was decided prior to the codification of the appropriation process is inapposite. Further, *Ohio Water* does not address the timing of the notice as suggested by Appellant, but rather whether property can be added to the appropriation between the adoption of a resolution of intent to appropriate and the subsequent adoption of the appropriation ordinance. Consequently, we are unwilling to accept Appellant's unsupported interpretation of the relevant Revised Code sections as establishing a

"legislative appropriation" that is effective upon adoption of the ordinances and which must be preceded by the appropriate notices to the property owners. Sections 719.05 and 163.04 describe the service of the relevant documentation upon the owner of the property after the adoption of legislation and no less than 30 days prior to filing the petition, respectively.  We find Appellant's argument that a different rule should apply unpersuasive and that the Appellee complied with the statutory requirements.

{¶20}  Appellant's first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶21}  Appellant contends in his second assignment of error that R.C. 719.01 (A) is an all-inclusive list of the purposes for which Appellee may appropriate property and, in support of his argument Appellant offers cases which were decided long before the codification of the appropriation procedure. He contends that the description of the use as a multi-use path is not permitted because it does not appear within R.C. 719.01 (A) and because it is insufficiently specific.

{¶22}  Appellant does not cite to precedent that clearly supports his contention that the Appellee is restricted to the uses described in R.C. 719.01 and the language of the statute and relevant case law do not support that conclusion.  Revised Code 719.01 states that "any municipal corporation may appropriate, enter upon, and hold real estate within its corporate limits" and thereafter lists a number of purposes, but includes no language limiting appropriation to these categories.  The municipality's right to appropriate is not so limited. "[T]his section is not a limitation on the rights of a municipal corporation in Ohio to appropriate and use private property for public use when such property has been determined by the municipality's legislative authority, in the reasonable exercise of its

discretion, to be necessary for 'public use.' *Doering v. City of S. Euclid*, 112 Ohio App. 177, 183, 84 Ohio Law Abs. 245, 168 N.E.2d 16 (8th Dist.1960).

**{¶23}** Further, we find competent credible evidence in the record to support the trial court's decision that the description of the project as a shared-use path is not an abuse of Appellant's discretion. The record contains evidence establishing that this project is part of a larger infrastructure project by the Appellee to provide the public access to alternative means of transportation throughout the community and support public health and welfare.

> Once a municipality has determined that appropriation is necessary for a public use, the trial court may not reverse that determination unless the municipality has abused its discretion. *City of Huron v. Hanson*, supra. See, also, *State ex rel. Gordon v. Rhodes* (1951), 156 Ohio St. 81, 100 N.E.2d 225, paragraph two of the syllabus (a municipality's determination of "municipal public purpose" for purposes of the home rule amendments to the Ohio Constitution shall not be reversed by a court unless the determination is "manifestly arbitrary or unreasonable.")

*City of Toledo v. Kim's Auto & Truck Serv., Inc.*, 6th Dist. Lucas No. L-02-1318, 2003-Ohio-5604, ¶¶ 19-20.

**{¶24}** The Appellee is authorized to exercise the power of eminent domain by the language of Section 3 of Article XVIII of the Ohio Constitution, subject only to the limitation that that the municipality may not abuse its discretion. "No provision of the Constitution of Ohio authorizes the interference by general laws with the exercise of the power of eminent domain, to the extent that such power is granted to *** municipalities by Sections 3 and

10 of Article XVIII of that Constitution. *State ex rel. Bruestle v. Rich*, 159 Ohio St. 13, 14–15, 110 N.E.2d 778 (1953). We interpret R.C. 719.01 not as a limitation of the Appellee's power of appropriation, but only a statutory recognition that the purposes described therein are conclusively found to be a public purpose and appropriation for those purposes is not an abuse of discretion. Nothing within that section of the Code can be reasonably interpreted as a strict limit of the power of eminent domain.

**{¶25}** For the forgoing reasons, we find the record contains competent, credible evidence supporting the trial court's decision that R.C. 719.01 does not limit the discretion of the Appellee and that the description of the use is not an abuse of discretion, manifestly arbitrary or unreasonable. Appellant's second assignment of error is overruled.

### THIRD ASSIGNMENT OF ERROR

**{¶26}** In his third assignment of error, Appellant complains that the trial court erred in its determination that Appellee had a right to acquire "excess property" beyond that required for the shared-use path. Based upon the record before us, we note that a small portion of property will not be directly beneath the path but will be separated from Appellant's property by the path. If the Appellee does not purchase this piece of property it will not be contiguous to the Appellant's property and will be of little or no benefit to Appellant.

**{¶27}** The resolution adopted by Appellee declares all of the property described therein as necessary to complete the project. Further, the testimony of Mr. Hammersmith, director of engineering for the Appellee, testified that all of the property described within the resolution was necessary for the completion of the project.

{¶28} Appellant cites to the cases of *City of Cincinnati v. Vester*, 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed. 950 (1930) and *Springfield v. Gross,* 2nd Dist. No. 2004-CA-81, 164 Ohio App.3d 1, 2005-Ohio-5527, 840 N.E.2d 1123, where the taking of excess property was not permitted. These cases are distinguishable and Appellant failed to provide evidence to rebut the determination of the Appellee and the testimony of Mr. Hammersmith that the excess property was necessary to complete the project

{¶29} In *Cincinnati,* the taking included entire parcels owned by plaintiffs therein that were clearly not part of the road widening project. In *Springfield, supra at* ¶ 2, the Court noted that the recorded showed:

> That the city does not intend to use the entire 0.677 acres of the Grosses' property for the stated public purpose, a replacement sewer lift station, because the record shows that the city intends to use a portion of the property to store construction vehicles, equipment, and materials during construction of the replacement sewer lift station and to build another replacement sewer lift station in 20 to 25 years. Thus, the city is seeking excess property over what is actually necessary as a site for the improvement recited as the purpose for the appropriation.

{¶30} In this case, there is no such evidence of a blatant and unreasonable excess appropriation and, more importantly, the property being taken is already dedicated to public use. The "excess parcel" being appropriated is a small parcel that is beneath the highway and will be completely separated from Appellant's property by the shared-use path. The Appellant has a remainder interest in that property and nothing more. The facts support a conclusion that the portion at issue is an "uneconomic remnant." The trial

court held that Appellee included this property pursuant to the dictates of R.C. 163.59(K) and we conclude that the record contains competent credible evidence sufficient to support that conclusion as well as a finding and that the appellee's determination of necessity was not rebutted.

{¶31} For those reasons, Appellant's third assignment of error is overruled.

## FOURTH ASSIGNMENT OF ERROR

{¶32} Appellant attacks the trial court's conclusion that the Appellee established the taking was necessary in his fourth assignment of error.

{¶33} Appellee has adopted a resolution of necessity for the appropriation creating a rebuttable presumption that the appropriation is necessary. Consequently, the burden of proof shift the Appellant to establish that the appropriation was not necessary. "In order to find that there was no necessity for the appropriation, the trial court would have to determine that Appellee***abused its discretion." *Atwood Regional Water & Sewer Dist. v. Smith*, 5th Dist. Tuscarawas No. 2016 AP 05 0026, 2017-Ohio-206, ¶ 33.

{¶34} The trial court arrived at the conclusion that the presumption of necessity had not been rebutted based upon the evidence provided. The court noted that the Appellee provided evidence of a comprehensive bike path network to provide connectivity and health benefits and nothing was presented to the trial court to demonstrate fraud, bad faith or abuse of discretion on the part of Appellee. The trial court concluded that the evidence supported the Appellee's need to acquire the property to further its interest in promoting public purposes of supporting health and safety of Dublin's residents and visitors. We have reviewed the record and we agree that there is competent, credible

evidence to support the trial court's decision. For those reasons the Appellant's fourth assignment of error is overruled.

## FIFTH ASSIGNMENT OF ERROR

{¶35} Appellant claims the court erred in finding that Appellee complied with R.C.163.04 (E) which required Appellee to "make reasonable efforts to plan the project in a way that will limit" any disruption to the flow of traffic or imposition to access to the property. He complains that the Appellee did not provide any evidence that it made reasonable efforts to plan the project in a way to limit the effects upon Appellant's access to his property. However, we find no evidence that there will be an imposition to access to Appellant's property that does not already exist. There will be a bike path and, presumably, bike path traffic, but it will not provide any unreasonable or additional burden on access to the Appellant's property that is not caused by automotive traffic on Glick Road. Appellee complained about the need to have a great deal of room to back his vehicles, some of which are 70 feet long and expressed some concern for the safety of the users of the shared-use path. Assuming the accuracy of his measurement, Appellant will be blocking nearly the entire road to properly back his vehicle in this property and such a spectacle will be clearly seen by oncoming traffic both in the road and on the bike path.

{¶36} Further, there is testimony from Appellee's witness that these issues were kept in mind during the planning of the project but that no changes were necessary. The trial court found that the Appellee complied with its statutory obligation to make reasonable efforts to plan the bike path project in a way that would limit any adverse impact on Appellant's remaining property. We find there is competent, credible evidence

for the trial court's conclusion that R.C.163.04 (E) was sufficiently satisfied, that there is scant evidence of any impact on traffic or Appellant's access and, therefore, there is no basis to conclude that the project was not necessary as a result of the impact on traffic or access. Whether the impact on Mr. Beatty's property entitles him to additional compensation remains to be determined.

**{¶37}** Appellant's fifth assignment of error is overruled.

## SIX ASSIGNMENT OF ERROR

**{¶38}** Appellant complains, in his sixth assignment of error, that the trial court erred in admitting evidence and testimony received from Mr. Hammersmith. This assignment of error is presented without any authority or precedent and essentially is a complaint that the trial court complied with the requirements of the Ohio Revised Code which compels it to conduct a hearing no sooner than five nor later than fifteen days after the filing of the Appellant's answer. R.C.163.09 (B)(1). Appellant claims the trial court's decision prevented him from conducting necessary discovery. However, we have previously determined that this statute is intentionally drafted in such a manner to expedite resolution regardless of the status of discovery. "The Masheter court found that the legislative intent was that the cases should move as quickly as possible through the court so there is a minimum of delay in proceeding with the project, and the General Assembly was within its authority to set up a procedure so this type of case could proceed as quickly and expeditiously as possible. *Masheter* at 10, 53 O.O.2d at 90–91, 263 N.E.2d at 405–406." *Ohio River Pipe Line LLC v. Henley*, 144 Ohio App.3d 703, 706, 761 N.E.2d 640, 642 (5th Dist.2001). Because the court complied with the R.C. 163.09(B)(1) in the

scheduling of the hearing, we find the court did not abuse its discretion in moving forward despite Appellant's objections.

**{¶39}** Appellant's sixth assignment of error is overruled.

**{¶40}** For the forgoing reasons we affirm the decision of the Delaware County Court of Common Pleas.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.