By the Court.
 

 The constitutional validity of the statutes involved in this litigation having been determined in
 
 Shook
 
 v.
 
 Mahoning Valley Sanitary District, supra,
 
 and
 
 State, ex rel. Bryant,
 
 v.
 
 Akron Metropolitan Park District, supra,
 
 and also by
 
 McNab
 
 v.
 
 Board of Park Commrs. etc.,
 
 108 Ohio St., 497, 141 N. E., 332, and
 
 State, ex rel. Wadsworth,
 
 v.
 
 Zangerle, Auditor,
 
 120 Ohio St., 464, 166 N. E., 407, we go directly to the consideration of other grounds urged by the plaintiff in error for the reversal of this judgment.
 

 The court is of opinion that the resolution of necessity for the appropriation is sufficient in law, declaring, as it did, the necessity of appropriating plaintiff’s property to be used “for the purpose of conserving the natural resources of the Cleveland Metropolitan Park District, by the creation of parks, parkways and other reservations of land.”
 

 
 *339
 
 This is a sufficient “defining the purpose of the appropriation,” as provided in Section 3679, General Code, and is not in conflict with the doctrine of
 
 City of Cincinnati
 
 v.
 
 Vester,
 
 281 U. S., 439, 50 S. Ct., 360, 74 L. Ed., 950.
 

 The plaintiff in error complains that the park board was without authority to take this land because there were no natural resources to be conserved. "We cannot agree with plaintiff in error as to the limited construction contended for, to wit, that the words “natural resources” include only timber, gas, oil, coal, minerals, lakes and submerged land, but are of opinion that to the extent to which a given area possesses elements or features which supply a human need and contribute to the health, welfare and benefit of a community, and are essential for the well being of such community and the proper enjoyment of its property devoted to park and recreational purposes, the same constitute natural resources.
 

 It must be remembered that this tract lies between two public parks, one known as Huntington Park, and the other, owned by the village of Bay, known as Cahoon Park, both devoted to recreational purposes. The recreational value of both these parks will be conserved by the acquisition of plaintiff’s property, and such acquisition is essential to the proper enjoyment thereof. As is said in the opinion in the case of
 
 McNab
 
 v.
 
 Board of Park Commrs., supra,
 
 at page 502, [141 N. E., 333]:
 

 “The usefulness or the serviceableness of public parks, with the necessary or appropriate driveways and boulevards, bears such a reasonable relation to the public health, recreation, and welfare that to hold otherwise would be the sheerest nonsense.
 

 “The state’s general police power in this respect is therefore clear and conclusive unless some express provision of federal or state Constitution expressly or by necessary implication denies such power. * * *
 

 
 *340
 
 “The language, ‘Laws may also be passed * * * to provide for the conservation of the natural resources of the state, including streams, lakes,’ etc., is so broad and comprehensive that any natural tract of land bearing a reasonable relation to these words is clearly comprehended within the terms of this constitutional amendment. Indeed, it is difficult to view this language as a limitation because of the broad blanket power given the General Assembly of Ohio.”
 

 The park board was acting under the provisions of Section 2976-7, General Code, and was protecting and promoting the use of both parks as conducive to the general welfare. In so doing, it was conserving the natural resources of the state within the authorization of Section 36 of Article II of the Constitution of Ohio and the sections of the General Code in that behalf, Sections 2976-1 to 2976-lOi. It was a conservation of the natural resources of the state, to be used in connection with the present established park, and conserved, not only the natural resources of the land taken, but also the land already devoted to park purposes and already established.
 

 Further, the claim of the plaintiff in error is that the park board has not acted in good faith in the premises. We have examined the record carefully upon this point, and have reached the conclusion that there is nothing therein to sustain the claim of plaintiff in error in this behalf. On the contrary, the action of the park board, in seeking to acquire this property for the purposes of protecting the vast areas already devoted to park purposes, evidences rather the best of good faith than the contrary. The action of the park board must be considered in the light of the responsibility resting upon it to provide not only for present needs, but for the future. We fail to find in the record such proof of bad faith as to justify the lower courts in granting the relief which
 
 *341
 
 the plaintiff in error seeks. The judgments of the courts below are affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., JoNes, Matthias, Day, AlleN, KiNkade and StephensoN, JJ., concur.