[Cite as *In re Guardianship of Sammons*, 2020-Ohio-563.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF: | : | CASE NO. 19CA7 |
| | : | |
| BERTHA SAMMONS | | |
| | : | DECISION & JUDGMENT ENTRY |

---

APPEARANCES:

John P. Lavelle, Athens, Ohio, for Appellants.

Melissa R. Lipchak, Reynoldsburg, Ohio, and Gail M. Zalimeni, Albany, Ohio, for Appellee.

---

CIVIL CASE FROM COMMON PLEAS COURT, PROBATE DIVISION
DATE JOURNALIZED: 2-7-20
ABELE, J.

{¶ 1} This is an appeal from an Athens County Common Pleas Court, Probate Division, decision regarding exceptions to the inventory filed in the guardianship estate of Bertha Sammons, appellee herein. Steven Sammons and James E. Sammons, Jr., appellants herein, assign the following error for review:

> "THE TRIAL COURT ERRED IN AWARDING A JUDGMENT TO A NON-PARTY TO THE ACTION ON A CLAIM THAT WAS NOT FILED, SERVED OR NOTICED FOR HEARING IN VIOLATION OF FUNDAMENTAL PRECEPTS OF DUE PROCESS."

{¶ 2} In April 2016, Steven, one of appellee's adult sons, requested the probate court to appoint him emergency guardian of Bertha, his mother. Steven alleged that Bertha suffers from untreated bipolar disorder and dementia. The trial court later designated Bertha's attorney and her other son, James, to serve as co-guardians of the estate.

{¶ 3} In January 2018, the trial court terminated the guardianship. Bertha later filed

exceptions to the inventory and, on March 14, 2019, the court issued a decision regarding Bertha's exceptions to the inventory and noted that (1) at the time of the guardianship, Bertha had been married to her husband, James Sammons, Sr. for forty-seven years, (2) after the court granted the guardianship application, James Sr. filed for divorce, and (3) during the pendency of the divorce case, James Sr. died.   Although the court overruled the majority of Bertha's exceptions, the court found that equipment that James Sr. transferred to Steven the day after James Sr. filed for divorce "should be included as part of Bertha Sammons' inventory (a one-half interest) with the other half-interest being part of the James Sammons, Sr., probate estate."   The court ordered that the items be "returned to the possession and control of Bertha L. Sammons for proper accounting" and that "[a]ny interest in such property possessed by the estate of James Sammons, Sr., will be protected in the context of that estate case."

{¶ 4} During the hearing, the trial court also observed that "it was revealed that Steven Sammons had been added as an additional owner, or at least authorized signatory, on Mr. James Sammons, Sr.'s, bank account.   This action occurred while the guardianship was in place, and James Sr. was commencing a divorce proceeding.   It was also learned that at the time of Mr. Sammons' death, Steven Sammons withdrew the balance of that account for distribution to his own children and the children of Dr. James Sammons."   The court determined that the funds that Steven withdrew "were and are martial assets, one half of which are property in the guardianship estate of Bertha Sammons, and one-half in the estate of James Sammons, Sr."   The court thus ordered: "the Thirty-Five Thousand ($35,000.00) Dollars withdrawn by Steven Sammons from the Peoples Bank account of James Sammons, Sr., is ordered repaid by Steven Sammons for proper accounting.   Any interest in such funds possessed by the estate of James Sammons, Sr., will be

protected in the context of that estate case." The court then concluded that Bertha "failed to meet the burden of proof to support the exceptions, except as specifically noted herein." This appeal followed.

{¶ 5} In their sole assignment of error, appellants assert that the trial court's order that Steven pay money, allegedly to his father's estate when the estate is not a party to the action, constitutes reversible error. However, before we may consider the merits of appellants' assignments of error, we first must consider whether we have jurisdiction to review the trial court's decision. *Whitaker–Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972) (explaining that appellate court must sua sponte consider jurisdiction); *State v. Kitchen*, 4th Dist. Ross No. 18CA3640, 2018-Ohio-5244, 2018 WL 6819501, ¶ 21 (addressing, sua sponte, jurisdiction to hear appeal). It is well-established that courts of appeals have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution. "As a result, '* * * an order [or judgment] must be final before it can be reviewed by an appellate court. If an order [or judgment] is not final, then an appellate court has no jurisdiction.'" *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). If a court's order is not final and appealable, an appellate court must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, 2008 WL 4278039, ¶ 11.

{¶ 6} "An order is a final, appealable order only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21, citing *Gehm* at ¶ 15; *accord Chef Italiano Corp. v. Kent*

*State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Mayberry v. Chevalier*, 2018-Ohio-781, 106 N.E.3d 89, ¶ 9 (4th Dist.).  Under R.C. 2505.02(B)(2), an order is a final order if it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"  A "'[s]ubstantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."  2505.02(A)(1).  "[A]n order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.'"  *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶ 7} In the case sub judice, the trial court's order regarding appellee's exceptions to the inventory constitutes a final order under R.C. 2505.02(B)(2) if all of the following apply:   (1) "the order was made in a special proceeding"; (2) "the order affects a substantial right"; and (3) an appellant "would not be able to effectively protect her substantial right without immediate review." *Thomasson* at ¶ 11.  First, it appears that the trial court's order satisfies the first factor because guardianship proceedings are special proceedings.  *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA011029, 2017-Ohio-8617, 2017 WL 5588485, ¶ 6*; In re Guardianship of Igah*, 2nd Dist. Montgomery No. 26416, 2015-Ohio-4511, 2015 WL 6591259, ¶ 20*; In re Emergency Guardianship of Stevenson*, 9th Dist. Medina No. 04CA0036–M, 2005–Ohio–997, ¶ 8.

{¶ 8} Second, it appears that the trial court's order involves a substantial right.  Here, the court ordered Steven to repay the money that Steven withdrew from his father's bank account. The trial court's order does not, however, "affect" Steven's substantial right.  The court ordered

Steven to repay the funds so that a proper accounting may occur, yet the court did not order Steven to repay the funds to any party in particular. Instead, the court's order requires one to speculate as to where Steven should repay the money. The court's order does not explicitly state whether Steven should pay the entire sum to Bertha's guardianship estate, or one-half to Bertha's guardianship estate and possibly one-half to his father's estate (e.g. "in the context of that estate case"); *see*, also, Civ.R. 24. Thus, until the court orders Steven to repay the funds to a particular party or parties, Steven is unable to repay the money and the order does not affect Steven's substantial right.[1] *See generally Fahey Banking Co. v. United Tel. Credit Union, Inc.*, 10th Dist. Franklin No. 09AP-1130, 2010-Ohio-2193, 2010 WL 1987626, ¶ 21 (stating that court order requiring funds "are to remain on deposit with the clerk of courts and are not to be disbursed until further order from" the court does not affect party's right to funds held on deposit). Consequently, the trial court's order is not a final order within the meaning of R.C. 2505.02(B)(2).[2]

---

[1] Although Steven contends that the trial court ordered him to repay his father's estate, appellee argues that nowhere in the court's decision did the court expressly order Steven to pay money to his father's estate. Instead, the appellee claims that the entire context of the court's decision suggests that the court intended to order Steven to pay the full amount to Bertha's guardianship estate for a proper accounting. We note that Steven did not argue on appeal that the court could not order him to pay the entire amount to Bertha's guardianship estate. Instead, Steven complains that the court could not order him to pay the funds to his father's estate, a non-party. As we point out, however, the court's decision does not clearly indicate that it ordered Steven to pay the funds to his father's estate. In fact, appellee maintains that the entirety of the court's decision shows that the court may have intended for Steven to repay the funds to Bertha's guardianship estate for a proper accounting. Thus, at this juncture we are not inclined to conclude that any basis exists in the record to allow us to agree with appellants that the trial court erred by ordering Steven to pay a non-party.

[2] Although the Court's judgment entry contained a Civ.R. 54(B) finding of "no just reason for delay," this provision does not, standing alone, convert a non-final appealable order to a final appealable order. Rather, judgments must satisfy both Civ.R. 54(B), where applicable, and R.C. 2505.02. *See State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82, 85, 661 N.E.2d 728 (1996); *Chef Italiano Corp.*, 44 Ohio St.3d 86, syllabus. A finding of "no just reason for delay" will not make a judgment appealable if it does not also satisfy the provisions of R.C. 2505.02. *See McCabe/Marra Co. v. Dover*, 100 Ohio App.3d 139, 160, 652 N.E.2d 236 (8th Dist. 1995); *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 302, 549 N.E.2d 1202 (6th Dist. 1988); *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist. 1981).

{¶ 9} While we ordinarily may have resolved the matter under our prior decisions indicating that a judgment must specify the relief granted, we observe that recent amendments to Civ.R. 54(A) state that a "'[j]udgment' as used in these rules means a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court." The Staff Notes explain the purpose of the amendment as follows:

> The amendment to division (A) deletes the circular reference to the final-order statute, which often could not be reconciled with how the term "judgment" is used in the civil rules or with evolving final-order jurisprudence. Not every judgment constitutes a final order, and some judgments are final under statutes other than R.C. 2505.02. The amendment now places the finality analysis squarely on the apposite statutes, where it rightly belongs.

> The amendment also deletes the last sentence of the rule, which unnecessarily circumscribed the contents of a judgment. The original purpose of this language appears, at least in part, to be to distinguish between decisions (which "announce what the judgment will be") and judgments (which "unequivocally order the relief"). *See, e.g., Downard v. Gilliland*, 4th Dist. Jackson No. 10CA2, 2011-Ohio-1783, ¶ 11, citing *St. Vincent Charity Hosp. v. Mintz*, 33 Ohio St.3d 121, 123, 515 N.E.2d 917 (1987). The amendment now specifies that a judgment must order or decline to order a form of relief; what a judgment includes beyond that requirement should be left in the discretion of the issuing court.

{¶ 10} Thus, based upon the recent amendment, and the expressly-stated purpose of the amendment, we do not decide the issue based upon decisions that state that "to terminate an action a judgment must set forth the outcome of the dispute and contain a clear statement of the relief afforded to the parties." *Burns v. Morgan*, 165 Ohio App.3d 694, 2006-Ohio-1213, 847 N.E.2d 1288, ¶ 8 (4th Dist.), citing *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 215, 736 N.E.2d 101 (9th Dist. 2000). Rather, we believe that the trial court's order does not constitute a final, appealable order because it fails to specifically order Steven to pay the amount of money to a specific party or parties. Thus, the court's order does not affect Steven's substantial rights.

{¶ 11} Accordingly, based upon the foregoing reasons, we hereby dismiss appellants'

appeal.

APPEAL DISMISSED.

ATHENS, 19CA7

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

ATHENS, 19CA7

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.