[Cite as *Mill Creek Metro. Dist. Bd. of Commrs. v. Less*, 2022-Ohio-1289.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

The Board of Commissioners of the Mill Creek Park
Metropolitan District,

Plaintiff-Appellee,

v.

Diane M. Less, et. al.,

Defendant-Appellant.

_____

**OPINION AND JUDGMENT ENTRY**
Case Nos. 20MA0074
20MA0082

_____

Appeal from the Court of Common Pleas of
Mahoning County, Ohio
Case Nos. 2019-CV-00485
2019-CV-00316

BEFORE:   Judge Jason P. Smith
Judge Peter B. Abele
Judge Michael D. Hess

_____

## JUDGMENT REVERSED AND CAUSE REMANDED

_____

Carl James                          James E. Roberts
4450 Market Street                  Elizabeth H. Farbman
Youngstown, Ohio 44512              Roth, Blair, Roberts, Strasfeld & Lodge
Attorney for Defendant-Appellant    100 Federal Plaza, East, Suite 600
                                    Youngstown, Ohio 44503
                                    Attorney for Plaintiff-Appellee

Dated: April 14, 2022

Smith, V.J.

{¶1} Appellant, Diane M. Less, appeals the judgments of the trial court denying her motions for summary judgment, which were filed in two different cases below. In both judgments, the trial court determined that Less was not entitled to summary judgment regarding the issues of whether Appellee, The Board of the Commissioners of Mill Creek Metropolitan Park District, (hereinafter "Park District"), was authorized to appropriate her property for public use in order to expand an existing bikeway, or recreational trail, and whether the Park District complied with the statutory requirements governing the taking of private property through the power of eminent domain. On appeal, Less raises two assignments of error, contending 1) that the common pleas court erred in overruling her motion for summary judgment because the Park District failed to have a statutorily authorized reason or purpose for the appropriation by eminent domain as required by R.C. 1545.11; and 2) that the common pleas court erred in overruling her motion for summary judgment because the complaint and the process leading up to the filing of the complaint did not follow the mandatory requirements set forth in R.C. 163.04, 163.041 and 163.05.

{¶2} Because we conclude that the resolutions passed by the Park District failed to set forth a statutorily authorized purpose for the appropriation of the property at issue, we find the Park District lacked statutory authority under R.C. 1545.11 to appropriate both Less's and Green Valley's private property for the development and extension of a public bikeway or recreational trail, and it abused its discretion in passing a resolution to go forward with the appropriation of the property at issue. We further conclude the trial court erred in finding that Less did not meet her burden of proving the Park District abused its discretion in the passage of the resolutions. Because we have found that the Park District abused its discretion, Less has rebutted the presumption that the resolutions constituted prima facie evidence of necessity and therefore, we conclude the trial court erred in denying her motions for summary judgment. Thus, the arguments raised under Less's first assignment of error are meritorious and are sustained.

{¶3} In light of our disposition of Less's first assignment of error, the judgments of the trial court denying Less's motions for summary judgment are hereby reversed and this matter is remanded to the trial courts with instructions to enter summary judgment in favor of Less in both cases. Furthermore, despite the fact that Green Valley is not participating on appeal, the trial court's denial of summary judgment in favor of Green Valley is also reversed and remanded. Additionally, because our disposition of Less's first assignment of error has

rendered the arguments raised under her second assignment of error moot, we need not address them. Accordingly, the judgments of the trial courts are reversed and these matters are hereby remanded with instructions.

FACTS

{¶4} On March 8, 2019, the Park District filed a petition titled "Petition/Complaint to Appropriate Property" naming Diane Less and several others.[1] In the petition the Park District alleged that the trial court possessed jurisdiction over the subject matter of the petition under Chapter 163 of the Ohio Revised Code as well as R.C. 1545.11. The petition alleged that the Park District had previously passed a resolution on February 25, 1993, "resolving that the public interest demanded the construction of a bicycle path on a railroad right-of-way abandoned by Conrail, stretching from the Western Reserve Road on the south to the Mahoning County/Trumbull County line on the north, and having a length of approximately 10.6 miles, situated in Mahoning County." The petition further alleged that 10.6 miles of the "bikeway trail" had already been constructed, "which construction comprised Phases I and II of the Mill Creek MetroParks Bikeway

---

[1] Diane Less was the primary property owner named in the petition in lower case no. 19CV485. The other defendants were named because they were thought to possibly have an interest in the Less property. Those individuals are not part of the present case on appeal. Additionally, the Park District filed an earlier petition on February 12, 2019, naming Green Valley Wood Products, LLC (hereinafter "Green Valley") as the primary defendant, but also naming Less and several others, as it was believed they may have had an interest in the property. That case number was 19CV316 and was before a different trial court judge. The petition that was filed against Less in case no. 19CV485 makes essentially the same allegations as the petition that was filed against Green Valley in case no. 19CV316. Less is currently appealing the summary judgment decisions issued in both cases.

project (the 'Bikeway').″ The petition went on to allege that the Park District intended the following:

> to acquire a perpetual easement and right of way on the Less Property and enter upon the property being appropriated for the purposes of completing a 6.4 mile extension of the existing Mill Creek Metroparks Bikeway in Mahoning County, Ohio, which will provide a safe, uniformly designed, multi-use, off-road trail facility dedicated to public transportation and recreational purposes (herein "Phase III").

{¶5} Additionally, the petition alleged that on or about September 10, 2018, the Park District, by resolution of the Mill Creek Board of Park Commissioners, resolved as follows:

> that it is necessary and in the best public interest that Mill Creek be authorized to consummate and complete all acquisition transactions as may be necessary to acquire the real property contemplated for inclusion in Phase III of the project or, in instances where agreement cannot be reached with the landowner, that Mill Creek by and through its legal counsel be authorized to appropriate such property by power of eminent domain and initiate legal proceedings pursuant to Ohio Revised Code Chapter 163.

Elsewhere in the petition the Park District claimed it was seeking to acquire "an exclusive perpetual easement for public highway and road purposes, including, but not limited to, access, construction, improvement, repair, operation, relocation, and/or maintenance of Phase III * * * [,]" pursuant to Ohio Revised Code Chapter 163 and R.C. 1545.11.

{¶6} Finally, the petition alleged that the Park District had complied with the requirements of R.C. 163.04 and 163.041 by providing and delivering a written "Notice of Intent to Acquire and Good Faith Offer" at least 30 days prior to the filing of the action and that the Park District had been unable to agree on a conveyance with Less. The Park District alleged that the portion of the Less property sought to be appropriated had been appraised and had a fair market value of $13,650.00. The Park District further requested that the trial court "fix a time * * * for the assessment of compensation by a jury, pursuant to R.C. 163.09."

{¶7} Less filed answers in both cases, followed by motions for judgment on the pleadings in both cases. In both of these motions, Less argued that R.C. 1545.11 "strictly limits the purposes for which a park district may appropriate lands [,]" and that "[t]he statute must be strictly construed." More specifically, Less argued that R.C. 1545.11 only permits the appropriation of private property for "conversion into forest reserves and for the conservation of the natural resources of the state * * *." Less argued that the Park District's attempt to take her property for public transportation and recreation purposes, public highway and road purposes, and for use as a "multi-use, off-road trail facility dedicated to public transportation and recreational purposes" and a "Bikeway," was not an authorized purpose under R.C. 1545.11. Less also argued that the Park District's failure to state an authorized purpose for the takings in its petitions required dismissal of the

petition/complaint for failure to state a claim. Less further argued that the Park District failed to comply with the statutory requirements set forth in Ohio Revised Code Chapter 163 for the taking of private property through the use of eminent domain. The Park District opposed both motions and the trial court ultimately denied both motions.

{¶8} Thereafter, both Less and Green Valley moved for summary judgment in case no. 19CV316. Less also moved for summary judgment in case no. 19CV485. The summary judgment motions set forth essentially the same grounds as the motions for judgment on the pleadings. In both motions, Less supported her arguments with references to deposition testimony by representatives of the Park District indicating that the appropriation of her property was for the creation of a bikeway only, and not for the conversion into forest reserves for the conservation of natural resources. The Park District opposed both motions. In addition to other arguments, they contended that they had passed a resolution regarding the necessity of the appropriation of the property at issue, and that "R.C. 163.09(B) provides that the necessity determination of the appropriating agency 'shall be prima facie evidence of that necessity,' barring proof showing that the agency abused its discretion in making the determination." The Park District further argued that Less had the burden of demonstrating either an abuse of discretion,

fraud, or bad faith on the part of the Park District, and that she had failed to make such a showing.

{¶9} The trial courts eventually denied Less's and Green Valley's motions for summary judgment in both cases. A judgment entry denying Less's motion without findings of facts or conclusions of law was entered in case no. 19CV485 on June 30, 2020. A five-page judgment entry that contained findings of facts and conclusions of law was entered in case no. 19CA316 on July 22, 2020, denying summary judgment to both Less and Green Valley. In the latter decision, the trial court found that the Park District's petition to appropriate the property at issue for the purpose of a bikeway was authorized by R.C. 1545.11 and that the Park District had complied with the requirements set forth in R.C. 163.04, 163.041 and 163.05.

{¶10} The trial court further found that the Park District's passage of its resolutions containing necessity determinations constituted prima facie evidence of necessity for purposes of the appropriation and that Less and Green Valley failed to prove the Park District abused its discretion in making its necessity determination. Thus, all three summary judgment motions that were filed by Less and Green Valley in both cases were denied. It is from these denials of summary

judgment that Less now timely appeals.[2]  The two appeals were consolidated on

September 28, 2020, and are both now properly before us for review.

ASSIGNMENTS OF ERROR

I.  "THE COURT OF COMMON PLEAS ERRED IN OVERRULING THE MOTION OF THE APPELLANT FOR A SUMMARY JUDGMENT DISMISSING THE COMPLAINT OF THE APPELLEE BECAUSE THE COMPLAINT FAILED TO HAVE A STATUTORILY AUTHORIZED REASON OR PURPOSE FOR THE APPROPRIATION BY EMINENT DOMAIN THAT IS AUTHORIZED BY SECTION 1545.11 OF THE OHIO REVISED CODE.  SECTION 1545.11 OF THE OHIO REVISED CODE ONLY AUTHORIZES A BOARD OF PARK COMMISSIONERS TO ACQUIRE LANDS EITHER WITHIN OR WITHOUT THE PARK DISTRICT FOR PURPOSES *FOR CONVERSION INTO FOREST RESERVES AND FOR THE CONSERVATION OF THE NATURAL RESOURCES OF THE STATE, INCLUDING STREAMS, LAKES, SUBMERGED LANDS, AND SWAMPLANDS* NOT TO CREATE AN EXCLUSIVE PERPETUAL EASEMENT FOR A BIKEWAY FOR PUBLIC HIGHWAY AND ROAD PURPOSES APART FROM THE PARK DISTRICT WHICH ARE NOT AUTHORIZED FOR EMINENT DOMAIN UNDER THE STATUTE."

II.  "THE COURT OF COMMON PLEAS ERRED IN OVERRULING THE MOTION OF THE APPELLANT FOR A SUMMARY JUDGMENT DISMISSING THE COMPLAINT OF THE APPELLEE BECAUSE THE

---

[2] At this juncture we note our disagreement with the view in the dissenting opinion that these orders were not final and appealable.  The dissent notes that the orders at issue denied summary judgment to Less and Green Valley and observes that the denial of summary judgment is generally considered an interlocutory order not subject to an immediate appeal.  However, Mill Creek already raised this argument in motions to dismiss filed in each appeal prior to their consolidation.  Despite the argument, this Court issued a judgment entry on September 28, 2020, denying Mill Creek's motions to dismiss and finding that the orders were immediately appealable pursuant to R.C. 163.09(B)(3), which provides that in appropriation proceedings property owners have "a right to an immediate appeal if the order of the court is in favor of the agency in any of the matters the owner denied in the answer * * *."

COMPLAINT, AND THE PROCESS LEADING UP TO THE COMPLAINT AS SET FORTH IN THE COMPLAINT OF THE APPELLEE, DID NOT FOLLOW AND EXPRESSLY EXCLUDED THE MANDATORY REQUIREMENTS SET FORTH AT SECTION 163.04, 163.041 AND 163.05 OF THE OHIO REVISED CODE BY 1) EXCLUDING IN THE NOTICE OF INTENT TO ACQUIRE TO APPELLANT THAT SHE HAD A RIGHT TO APPEAL TO THE ELECTED OFFICIAL(S) WHO APPOINTED THE DIRECTOR OF THE TAKING AGENCY SINCE THE TAKING AGENCY OR DIRECTOR ARE NOT ELECTED OR DID NOT PROVIDE A NOTICE TO TAKE AT ALL; AND 2) NOT STATING A SPECIFIC NEED FOR EMINENT DOMAIN BEYOND A PREFERENCE TO BUILD A BIKEWAY ON LANDS OF ANOTHER WHEN A BIKEWAY ALREADY EXISTED LESS THAN ONE (1) MILE FROM THE PROPOSED TAKING OF THE LANDS OF THE APPELLANT; AND 3) NOT ADEQUATELY OR CLEARLY DESCRIBING THE PROPERTY TO BE TAKEN AND THAT THE PROPERTY BEING LESS THAN A COMPLETE FEE AND NOT SPECIFYING THAT PART OF THE LAND NOT BEING TAKEN WOULD BE SEPARATED AND ISOLATED FROM THE REMAINING LANDS OF THE APPELLANT."

ASSIGNMENT OF ERROR I

{¶11} In her first assignment of error, Diane Less contends that the trial court erred in overruling her motions for summary judgment which were filed in the cases below. She argues that she was entitled to judgment in her favor as a matter of law because the Park District's petitions/complaints failed to include a statutorily authorized reason or purpose for the appropriation by eminent domain that is authorized by R.C. 1545.11. The Park District, however, contends that

Less's argument is based upon an "impermissibly narrow reading and statutory construction of R.C. §1545.11 concerning the term 'Bikeway' that contradicts many Ohio courts' interpretation of the statute."

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶12} Here, as set forth above, in the case that was filed primarily against Diane Less, the trial court overruled Less's motion for summary judgment, finding that there were genuine issues of material fact preventing judgment as a matter of law. Further, in the case that was filed primarily against Green Valley Wood Products, LLC, but that named Less due to her interest in Green Valley's property, the trial court overruled the motions for summary judgment that were filed by Less and Green Valley, finding that the Park District's response to the motions for summary judgment set forth specific facts showing genuine issues for trial.

{¶13} Although the denial of summary judgment is not normally immediately appealable, these cases involve governmental appropriation proceedings which are governed by Chapter 163 of the Ohio Revised Code. R.C. 2505.02(B)(7) specifically provides that "[a]n order in an appropriation proceeding [] may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code." Further, R.C. 163.09(B)(3) states that "[a]n owner has a right to an immediate appeal if the order of the court is in favor of the agency in any matters the owner denied in the answer * * *." Because these consolidated appeals are

from judgment entries denying motions for summary judgment filed by the owner (Diane Less) regarding the legality and necessity of appropriation proceedings, the judgments were clearly in favor of the agency (Park District) and therefore the requirements of R.C. 163.09(B)(3) have been met.

{¶14} In reviewing an award of summary judgment, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (1998). Civ.R. 56(C) provides that the trial court is to grant summary judgment if there is no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the movant is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). In order to determine whether a fact is material, we look to the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 477 U.S. 242 (1986).

### R.C. 1545.11

{¶15} In both the motions to dismiss and motions for summary judgment that were filed by Less, it was argued that the Park District's appropriation of private property for purposes of a bikeway was not authorized under R.C. 1545.11. Title XV of the Ohio Revised Code is entitled "Conservation of Natural

Resources." R.C. 1545.11 governs the Park District's power to acquire property

and provides as follows:

> The board of park commissioners may acquire lands either within or without the park district *for conversion into forest reserves and for the conservation of the natural resources of the state*, including streams, lakes, submerged lands, and swamplands, *and to those ends may create parks, parkways*, forest reservations, and other reservations and afforest, develop, improve, protect, *and promote the use of the same in such manner as the board deems conducive to the general welfare.* Such lands may be acquired by such board, on behalf of said district, (1) by gift or devise, (2) by purchase for cash, by purchase by installment payments with or without a mortgage, by entering into lease-purchase agreements, by lease with or without option to purchase, or, (3) by appropriation. In furtherance of the use and enjoyment of the lands controlled by it, the board may accept donations of money or other property, or may act as trustees of land, money, or other property, and use and administer the same as stipulated by the donor, or as provided in the trust agreement. The terms of each such donation or trust shall first be approved by the probate court before acceptance by the board.
>
> In case of appropriation, the proceedings shall be instituted in the name of the board, and shall be conducted in the manner provided in sections 163.01 to 163.22, inclusive, of the Revised Code.
>
> This section applies to districts created prior to April 16, 1920. (Emphasis added).

### Eminent Domain

{¶16} Article I, Section 19 of the Ohio Constitution provides: "Private

property shall ever be held inviolate, but subservient to the public welfare."

*Wray v. Allied Indus. Dev. Corp.*, 138 Ohio App.3d 362, 364, 741 N.E.2d

238 (2000). Further, "[t]he Fifth Amendment states that private property shall not be 'taken for public use, without just compensation,' and is applicable to the states through the Fourteenth Amendment." *Paczewski v. Antero Resources Corporation*, 7th Dist. Monroe No. 18MO0016, 2019-Ohio-2641, ¶ 36, citing *Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 241, 17 S.Ct. 581, 41 L.Ed. 979 (1897). As the Supreme Court of Ohio has explained, "[t]he sovereign's right to take property may be conferred by the legislature on municipalities, which enjoy broad discretion in determining whether a proposed taking serves the public." *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 70. However, "when the authority is delegated to another, the courts must ensure that the grant of authority is construed strictly and that any doubt over the propriety of the taking is resolved in favor of the property owner." *Id.*, citing *Pontiac Improvement Co. v. Board of Com'rs. Of Cleveland Metropolitan Park Dist.*, 104 Ohio St. 447, 453-454, 135 N.E. 635 (1922) ("The right of eminent domain is an attribute of sovereignty, and only the sovereign power, or one to whom it has delegated the right, can take property without the consent of the owner, and, when this right has been granted to a subdivision of the state, a person, or a corporation, the terms of the grant must be strictly pursued. When the matter is in doubt, it must be

resolved in favor of the property owner. These principles are firmly established").

Ohio Revised Code Chapter 163

{¶17} Title I of the Ohio Revised Codes governs state government and Chapter 163 of the Ohio Revised Code is entitled "Appropriation of Property," or eminent domain, which is the taking of private property for public use. Here, the Park District adopted two resolutions regarding the necessity of creating a bikeway over property owned by Less and Green Valley. Both Less and Green Valley denied the necessity of the appropriation below and now also challenge the necessity determination on appeal.

{¶18} Pursuant to R.C. 163.021(A), "No agency shall appropriate real property except as necessary and for a public use. In any appropriation, the taking agency shall show by a preponderance of the evidence that the taking is necessary and for a public use." Importantly, according to R.C. 163.09(B)(1)(a), "A resolution or ordinance of the governing or controlling body, council, or board of the agency declaring the necessity for the appropriation creates a rebuttable presumption of the necessity for the appropriation if the agency is not appropriating the property because it is a blighted parcel or part of a blighted area or slum." In this case, as explained above, the Park District passed two resolutions indicating that the appropriation actions for the construction of the bikeway were

necessary for public use. Thus, based on R.C. 163.09(B)(1)(a), there was a rebuttable presumption that the appropriation was, in fact, necessary.

{¶19} As explained in *City of Dublin v. Beatley*, 2018-Ohio-3354, 119 N.E.3d 826, ¶ 15 (5th Dist.):

> * * * under R.C. §163.09(B), the burden of proof fell upon [Appellant] to demonstrate that the appropriation was not necessary. In order to find that there was no necessity for the appropriation, the trial court would have had to determine that Appellee * * *abused its discretion. In reviewing the trial court's conclusion that there was no such abuse of discretion, we are limited to determining whether the decision was supported by competent and credible evidence. *City of Toledo v. Kim's Auto & Truck Service, Inc.*, 6th Dist. No. L-02-1318, 2003-Ohio-5604 [2003 WL 22390102], at ¶ 10; *Erie–Ottawa–Sandusky Regional Airport Authority v. Orris* (Sept. 13, 1991), 6th Dist. No. 90–OT– 039 [1991 WL 254227], at *4.

Thus, in order to overcome the rebuttable presumptions that the appropriations at issue were not necessary, Less had to demonstrate that the Park District had abused its discretion in the passage of its resolutions. "An 'abuse of discretion' is 'an unreasonable, arbitrary, or unconscionable use of discretion[.] * * *' " *State v. Curtis*, 4th Dist. Meigs No. 20CA6, 2021-Ohio-1145, ¶ 10, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

Legal Analysis

{¶20} The record before us indicates that the Park District filed a petition/complaint to appropriate property against Green Valley Wood Products, LLC and others, including Diane Less, on February 12, 2019. The Park District

filed another complaint/petition to appropriate property against Diane Less and several others on March 8, 2019. In both petitions/complaints, the Park District referenced that it had passed a resolution on February 25, 1993, "resolving that the public interest demanded the construction of a bicycle path on a railroad right-of-way abandoned by Conrail" and that it had already constructed, during years 2000 and 2001, "10.6 miles of bikeway trail * * * which construction comprised Phases I and II of the Mill Creek MetroParks Bikeway project (the 'Bikeway')." The petitions/complaints went on to state the Park District's intention to acquire a perpetual easement and right of way on Less's and Green Valley's property "for the purposes of completing a 6.4-mile extension of the existing Mill Creek MetroParks Bikeway in Mahoning County, Ohio, which will provide a safe, uniformly designed, multi-use, off-road trail facility dedicated to public transportation and recreational purposes (herein 'Phase III')."

{¶21} The Park District alleged that a feasibility study had been conducted that "resulted in a determination that the option to align and construct Phase III of the Bikeway along the former railroad corridor was the preferred alignment." This "alignment" runs through property owned by both Less and Green Valley. The Park District further alleged that "[o]n or about September 10, 2018, by resolution of the Board of Park Commissioners, Mill Creek resolved that it is necessary and in the best public interest that Mill Creek be authorized to complete Phase III of the

Bikeway project" and that for the property necessary for inclusion in Phase III that it be "authorized to appropriate such property by power of eminent domain and initiate legal proceedings pursuant to Ohio Revised Code Chapter 163." As set forth above, the Park District alleged that its actions were authorized by R.C. 1545.11 and R.C. Chapter 163. Exhibits attached to the petitions stated that the Park District would need to appropriate 2.4780 acres of Less's property and 1.1199 acres of Green Valley's property. The record further indicates that Less claims to own a perpetual easement across the portion of Green Valley's property sought to be taken by the Park District.

{¶22} In the present case, R.C. 1545.11 and R.C. 163.01 et seq., together govern the purpose and procedure related to a park district's authority to appropriate private property. Further, per R.C. 163.04, a park district may only commence appropriation proceedings if it is unable to agree with the owner to a purchase of the property. Here, the Park District claims it has authority under R.C. 1545.11 to appropriate private property for the creation of a bikeway, more commonly referred to in case law as a bike path, recreational trail, multi-use trail, or linear park. Less contends, however, that the Park District is limited to appropriating property for purposes of conversion into forest reserves and conservation of natural resources, as expressly stated in R.C. 1545.11, and that the creation of the bikeway at issue does not constitute either. Thus, Less argues that

the Park District lacked statutory authority for the appropriation at issue and therefore abused its discretion in passing a resolution to go forward with appropriation under R.C. 163.01 et seq.

{¶23} The trial court found that the Park District enacted a resolution demonstrating the necessity of the appropriation of the property at issue for the purpose of the bikeway, that the Park District complied with the appropriation requirements contained in R.C. 163.01 et seq., that the resolution constituted prima facie evidence of the necessity, and that Less and Green Valley failed to demonstrate an abuse of discretion on the part of the Park District. In reaching its decision, the trial court cited prior reasoning from the Supreme Court of Ohio for the proposition that "R.C. 1545.11 authorizes all boards of park commissioners, including the Plaintiff, to appropriate property for the construction and use of a recreational trail." *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968. It does not appear, however, that the trial court considered the question of whether the creation of the bikeway actually constituted conversion into forest reserves or conservation of natural resources for purposes of R.C. 1545.11. Instead, the trial court appears to have simply relied on the fact that the Park District passed a resolution stating the public demanded a bikeway and that the creation of such bikeway served a sufficient public purpose to allow the private property at issue to be appropriated.

{¶24} Although there are several cases which have addressed issues related to the creation of recreational trails by park districts, we have found no cases in our research which directly address the question of whether R.C. 1545.11 actually authorizes park districts to create these types of trails. Although the trial court cited the reasoning of the Supreme Court of Ohio in *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, in support of its decision, we believe the statement contained in that case was obiter dictum. *See State ex rel Gordon v. Barthalow*, 150 Ohio St. 499, 505-506, 83 N.E.2d 393 (1948), quoting Webster's New International Dictionary (2d Ed.) (defining "obiter dictum" as " 'an incidental and collateral opinion uttered by a judge, and therefore [as not material to his decision or judgment] not binding * * * Hence, any incidental remark, reflection, comment, or the like' ").

{¶25} In *State ex rel. Coles*, the Court granted a writ of mandamus to compel a park district's board of commissioners to begin an appropriation proceeding to compensate relators for the taking of property for the construction of a recreational trail that had already taken place. *State ex rel. Coles* at ¶ 1. In *Coles*, the property owners questioned the park district's authority to appropriate property, in general, because the park district at issue was established after April 16, 1920, and because R.C. 1545.11 states that "[t]his section applies to districts created prior to April 16, 1920." *Id.* at ¶ 23. The Court found that "R.C. 1545.11

\* \* \* authorizes all boards of park commissioners to appropriate property, regardless of the date of any park district's creation." *Id.* at ¶ 25. The Court reasoned that "[t]his statutory provision was, of course, necessitated by the historic presumption applied by the courts of this state that the legislature intends statutes enacted by it to operate prospectively rather than retroactively." *Id.* at ¶ 26. We agree with the Court's reasoning up to this point; however, the Court made another summary statement before concluding. The Court stated as follows:

> Therefore, the board of park commissioners is authorized under R.C. 1545.11 to appropriate property for the construction and use of a recreational trail, and a mandamus claim to compel the board to commence an appropriation proceeding is viable as long as relators establish an involuntary taking of their property by the board.

*Coles, supra*, at ¶ 29.

{¶26} Because the question of whether the park district had authority to appropriate private property specifically for the purpose of creating a recreational trail was not a question before the Court, we conclude this summary statement was not material to the judgment of the Court and thus constituted obiter dictum that is not binding upon this Court.

{¶27} Having found we are not bound by the language contained in *State ex rel. Coles*, we now turn to the specific question of whether R.C. 1545.11 authorizes a park district to appropriate private property for use as a public bikeway, or recreational trial, which is a question of law. It appears to be well-settled, and Less

concedes, that R.C. 1545.11 authorizes park districts to appropriate property. However, as set forth above, Less argues that such appropriations must be "for conversion into forest reserves and for the conservation of the natural resources of the state, including streams, lakes, submerged lands, and swamplands," as expressly stated in the statute. The statute goes on to state that "to those ends" (the conversion of forest reserves and the conservation of natural resources), park districts "may create parks, parkways, * * * and promote the use of same in such a manner as the board deems conducive to the general welfare." It appears to be generally accepted that the creation of recreational trails for public use benefits the general welfare of the public; however, such a public use certainly does not constitute conversion into forest reserves for purposes of R.C. 1545.11.[3] The primary question, in our view, is whether the creation of bikeways or recreational trails, which are for public use, constitute the conservation of natural resources of the state, a purpose which is required under R.C. 1545.11 in order for a park district to appropriate private property for a park or parkway.

{¶28} 41 Ohio Jur.3d Environmental Protection §25 addresses the definition of "natural resources" and provides as follows:

---

[3] The Ohio Department of Natural Resources currently has a program called "The Recreational Trails Program & Clean Ohio Trails Fund." This program provides grant funding for the creation of new recreational trails and the maintenance and restoration of existing recreational trails. Funding is available to cities and villages and other entities, including park districts. However, projects that involve the appropriation of property through the exercise of eminent domain are not eligible for the grants. Ohiodnr.gov/wps/portal/gove/odnr/buy-and-apply/apply-for-grants/grants/recreational-trails-program

The phrase, "natural resources," is not restricted to timber, gas, oil, coal, minerals, lakes, and submerged land; any given area, to the extent that it possesses features that supply human needs and contribute to the health, welfare, and benefit of a community, constitutes a "natural resource." Thus, the scope of regulation concerning the "conservation of natural resources" is not limited to such subjects as land, water, forests, and minerals.

This section of Ohio Jur.3d cites to two cases from nearly a century ago, in support: *MacNAB v. Board of Park Com'rs of Metropolitan Park Dist. in Cleveland*, 108 Ohio St. 497, 1 Ohio L. Abs. 780, 141 N.E. 332 (1923) and *Snyder v. Board of Park Com'rs of Cleveland Metropolitan Park Dist.*, 125 Ohio St. 336, 181 N.E. 483 (1932).

{¶29} In *MacNAB*, the question presented was whether various sections of the acts of the General Assembly, specifically 2976.7 (the general code precursor to R.C. 1545.11), which resulted in the creation of the board of park commissioners of Cleveland metropolitan park district, were in conflict with any provision of the Ohio Constitution, section 36 of article II in particular, and whether the board of park commissioners exceeded its statutory powers in creating parks and parkways. *MacNAB* at syllabus, 499. The Court ultimately held they were not in conflict. *Id.* at syllabus. With respect to the question of whether the board of park commissioners had exceeded its authority, the Court observed as follows:

The General Assembly of Ohio at a very early date sought to confer upon municipalities the power to create parks and

parkways, and that power has never been seriously questioned, and it is too late to question such power in this twentieth century. If the General Assembly could confer that power upon a municipality, it is self-evident that it could likewise confer it upon any district or other political subdivision of the state. The usefulness or the serviceableness of public parks, with the necessary or appropriate driveways and boulevards, bears such a reasonable relation to the public health, recreation, and welfare that to hold otherwise would be the sheerest of nonsense.

{¶30} The Court went on to discuss the constitutional amendment of 1912 (section 36, article II) which dealt with conservation policy and which reads, in pertinent part, as follows:

"Laws may be passed to encourage forestry * * *. Laws may also be passed to provide for converting into forest reserves such lands or parts of lands as have been or may be forfeited to the state, and to authorize the acquiring of other lands for that purpose; also, to provide for the conservation of natural resources of the state, including streams, lakes, submerged and swamp lands and the development and regulation of water power and the formation of drainage conservation districts; and to provide for the regulation of methods of mining, weighing, measuring and marketing coal, oil, gas and all other minerals."

The *MacNAB* court further reasoned as follows regarding the language contained in section 36, article II:

"Laws may also be passed * * *to provide for the conservation of natural resources of the state * * * is so broad and comprehensive that any natural tract of land bearing a reasonable relation to these words is clearly comprehended within the terms of this constitutional amendment."

{¶31} In reaching its decision, the *MacNAB* Court reasoned that "police power must be as expansive as the public needs." *Id.* at 502. Importantly,

however, the Court also observed that "[i]t is obvious that those public needs, as interpreted and applied to the public welfare of densely populated districts, are quite different than the public needs of rural communities." *Id.* Here, at issue is the creation of a bikeway, or recreational trail, through the middle of extensive acreage of family-owed farm land. Thus, it appears the area at issue here is a rural area, not a densely-populated urban area.

{¶32} In *Snyder*, the Supreme Court of Ohio again considered an appropriation action filed by a park district seeking to acquire a 100-foot tract of land which was situated in between two public parks. *Snyder* at 336. Snyder argued "that the park board was without authority to take this land because there were no natural resources to be conserved." *Id.* at 339. The Court, however, disagreed with the property owner's "limited construction" of the words "natural resources" as only encompassing timber, gas, oil, coal, minerals, lakes and submerged land, and instead reasoned as follows:

> * * * to the extent to which a given area possesses elements or features which supply human need and contribute to the health, welfare, and benefit of a community, and are essential for the well being of such community and the proper enjoyment of its property devoted to park and recreational purposes, the same constitute natural resources.

*Id.*

{¶33} The Court ultimately found in favor of the appropriating agency, in part based upon its reliance on *MacNAB, supra,* for the proposition that the power

granted by the General Assembly to pass laws to provide for the conservation of natural resources was "broad and comprehensive" and was a "broad blanket power." *Id.* at 340. The Court noted that the property at issue therein was situated between two public parks and, as such, "[t]he recreational value of the both these parks will be conserved by the acquisition of plaintiff's property, as such acquisition is essential to the enjoyment thereof." *Id.* at 339. Importantly, however, in determining that the board of park commissioners' appropriation action was authorized, the Court noted the fact that the resolution of necessity filed by the board was "sufficient in law, declaring, as it did, the necessity of appropriating plaintiff's property to be used 'for the purpose of conserving the natural resources of the Cleveland Metropolitan Park District, by the creation of parks, parkways and other reservations of land.' " *Id.* at 338.

{¶34} In our view, despite the reasoning set forth in both *MacNAB* and *Snyder*, characterizing essentially anything that serves the public and contributes to the health and welfare of the community as the "conservation of natural resources" is a bit of a stretch, especially when considering that the statutory grant of authority contained in R.C. 1545.11 should be strictly construed and it should be construed in favor of the property owner. We believe our concerns that a bikeway/recreational trail is not within the current contemplation of R.C. 1545.11 is further supported by the fact that in 1972, a new statute was enacted charging the

Department of Natural Resources with the duty of planning and developing recreational trails, and giving the department the right to appropriate land for such purposes. *See* R.C. 1519.02.

{¶35} Upon reading R.C. 1519.02, it is clear that the Department of Natural Resources has the right and duty to develop these trails. Reading such right into R.C. 1545.11 requires a lot of effort, interpretation, and reference to cases from one hundred years ago.[4] Reading these two statutes together—although it is clear that park districts possess statutory authority to appropriate private property for uses that include conversion into forest reserves and the conservation of natural resources—in our view, the Department of Natural Resources is the state agency with the authority to appropriate private property for the development of recreational trails, or in this case, bikeways.

{¶36} Nonetheless, we are constrained to apply the reasoning of these prior Ohio cases to hold that the creation of a bikeway, to the extent it "supplies a human need," "contributes to the health, welfare, and benefit of the community," and is "essential for the well-being of such community and the proper enjoyment of its

---

[4] For instance, in California, it has been held that park districts have authority to develop recreational trails and to appropriate land for such purposes. *See Golden Gate Land Holdings LLC v. East Bay Regional Park Districts*, 215 Cal.App.4th 353, 155 Cal.Rptr.3d 546, *358. However, unlike Ohio's statute, the applicable statute there clearly provides that park districts may "plan, adopt, lay out, plant, develop, and otherwise improve, extend, control, operate, and maintain a system of public parks, playgrounds, golf courses, beaches, trails, natural areas, ecological and open space preserves, parkways, scenic drives, boulevards, and other facilities for public recreation, for the use and enjoyment of all the inhabitants of the district, and it may select, designate, and acquire land, or rights in land, within or without the district, to be used and appropriated for such purposes." *Id*. at fn. 3, quoting section 5541 of the California Public Resources Code.

property," constitutes the conservation of natural resources. We do not agree with these principles, however, especially when applied to a rural area where it appears the public need is speculative at best and the harm to the private property owners is great.

{¶37} It is these points that lead us to conclude that the resolutions passed by the Park District here were insufficient. In *Snyder*, the Court's decision was based, in part, on the fact that the park district at issue passed a resolution which alleged that the private property sought to be appropriated would serve to conserve natural resources, a purpose which is expressly set forth in R.C. 1545.11. Here, however, the Park District's two resolutions are completely devoid of any such language. The Park District's 1993 resolution simply stated that "[t]he public interest demands construction of a bicycle path * * *." There is no language tying the demand for the bicycle path to the general welfare of the public or the conservation of natural resources. Further, the stated purpose of Phase III in the Park District's 2018 resolution was "to extend the existing Bikeway * * *" and that completion of such "will provide local and regional users with a safe, uniformly-designed, multi-use, off-road trail facility dedicated for public transportation and recreational purposes * * *." Although the 2018 resolution is more elaborate, it is still devoid of any language tying the expansion of the bikeway to the general health and welfare of the public or the conservation of natural resources. Many

things provide for public recreation: movie theaters, shopping malls, bowling alleys, etc. However, just because those things provide recreation does not mean they constitute the conservation of natural resources. We believe the same may be said of a bikeway.

{¶38} Although there are other cases that seem to accept that these types of trails may be created by park districts, there is nothing in the resolutions presently before us which indicate that the creation of this particular trail or bikeway is designed to promote the general health and welfare of the public, which we believe requires more than that just a recreational purpose. Moreover, there is no statement contained in either resolution even remotely tying the creation of this bikeway to the conservation of natural resources. In this regard, the case sub judice is factually distinguishable from *Snyder, supra*.

{¶39} For these reasons, we conclude that the resolutions passed by the Park District purporting to establish the necessity of the taking of Less's property lacked a covered statutory purpose, which is a requirement for the appropriation of private property. Thus, the Park District abused its discretion in passing the resolutions authorizing itself to take Less's property through the use of eminent domain, as set forth in R.C. 163 et seq. As a result, we conclude the trial court erred in finding that Less failed to demonstrate an abuse of discretion on the part of the Park District in the passage of its resolutions and in denying her motions for summary

judgment. Accordingly, having found the trial court erred in denying Less's motions for summary judgment as to the necessity determination, Less's first assignment of error is sustained and the judgments of the trial courts denying her motions for summary judgment are reversed. Furthermore, these matters are remanded to the trial court with instructions to enter summary judgment in favor of Less and also Green Valley, by default, on the issue of whether or not the Park District was statutorily authorized to appropriate the property at issue.

## ASSIGNMENT OF ERROR II

{¶40} In her second assignment of error, Less contends that the trial court erred in denying her motions for summary judgment because the Park District did not follow the mandatory requirements of R.C. 163.04, 163.041 and 163.05 in the filing of its petition/complaint and leading up to the filing of its complaint. However, in light of our disposition of Less's first assignment of error, which has already resulted in a reversal of the trial court's denial of summary judgment in her favor and a remand order with instructions to grant summary judgment in favor of both Less and Green Valley on the issue of whether the Park District lacked statutory authority to appropriate the property at issue, we conclude the arguments raised under this assignment have been rendered moot. Therefore, we need not address them.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

Hess, J., dissenting.

{¶41} I respectfully dissent from the majority opinion because the orders here are not final appealable orders. It is well-established that courts of appeals have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution. If a trial court order is not final and appealable, an appellate court must dismiss the appeal. *Matter of Guardianship of Sammons*, 2020-Ohio-563, 152 N.E.3d 336, ¶ 5 (4th Dist.). Although I agree with the holding reached in the well-reasoned opinion, I believe we lack jurisdiction to address the merits and should dismiss this consolidated appeal for lack of final appealable orders.

{¶42} This consolidated appeal involves two separate lawsuits brought under Chapter 163 for the appropriation of property. In the first suit, the Park District sued Green Valley and others that might have an interest in the Green Valley property, including Diane Less and Columbia Gas of Ohio. In the second suit, the Park District sued Diane Less and others that might have an interest in the Diane Less property. In both lawsuits, the defendants filed answers pursuant to R.C. 163.08, and several defendants challenged, among other issues, the Park District's right to make the

appropriation, the inability of the parties to agree, and the necessity for the appropriation. Thus, under R.C. 163.09(B)(1), the trial courts were each required to set a hearing date to hear any of those matters challenged in the answers. If the trial courts ruled in favor of the Park District, the cases would proceed to a jury trial on compensation subject to the owner's immediate right to appeal the trial court's decision under R.C. 163.09(B)(3). A trial court lacks jurisdiction to proceed with a compensation trial if the owner appeals the trial court's decision. *See State ex rel. Bohlen v. Halliday*, 145 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, ¶ 2-3, 17.

{¶43} Here, the trial courts have not yet held a hearing under R.C. 163.09(B)(1). Before a hearing date was set and a hearing on those matters held, Less and Green Valley filed motions for summary judgment asking that the appropriation petitions be dismissed on several grounds, including that the Park District failed to issue a valid letter of intent to take and lacked statutory authority to make the appropriation. The Park District filed opposition memoranda in each case arguing, "the evidence submitted by Mill Creek demonstrates that genuine issues of material fact do exist, which warrant a complete denial of" the defendants' summary judgment motions. The Park District asked that the motions be denied and the Park District be permitted to proceed forward with the petitions. In keeping with its position that genuine issues of material fact exist, the Park District *did not* file

cross motions for summary judgment or otherwise seek an order in its favor on any of the matters challenged in the answers.

{¶44} The trial courts each separately denied the summary judgment motions on the ground that there were genuine issues of material fact. The trial court in Case No. 19CV485 issued a terse judgment entry denying the motion because "there are genuine issues of material fact," the defendant "is not entitled to judgment as a matter of law," and ordering the motion "is hereby overruled." Likewise, in Case No. 19CV316, the trial court issued a judgment entry denying the motion. In a lengthier decision, that court found that the Park District "did set forth specific facts showing genuine issues for trial" and finding the defendants' motions "are not well-taken and are hereby overruled." Although the trial court's entry in Case No. 19CV316 included findings in favor of the Park District, these findings were part of the trial court's denial of summary judgment, were interlocutory in nature, and subject to revision at any time under Civ.R. 54(B). Thus, the Park District did not seek or receive an order in its favor; rather the trial courts denied the summary judgment motions and, in Case No. 19CV316, made findings that it could revise at a subsequent R.C. 163.09(B)(1) hearing.

{¶45} After the trial courts denied Less and Green Valley's motions for summary judgment, the cases should have proceeded forward on the Park District's petition with hearings under R.C. 163.09(B)(1) to hear the genuinely disputed factual

matters and legal defenses raised in the answers. However, Less appealed the denial of the summary judgment motions, divesting each trial court of jurisdiction to proceed with a hearing.

{¶46} "The denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal." *Stevens v. Ackman*, 91 Ohio St.3d 182, 186, 743 N.E.2d 901, 904 (2001). An interlocutory order denying summary judgment is subject to revision by the trial court at any time prior to entry of final judgment. *Poluse v. Youngstown,* 135 Ohio App.3d 720, 725, 735 N.E.2d 505, 508 (7th Dist.1999).

> At the outset, it is noted that the denial of a motion for summary judgment is a nonfinal order that can be reconsidered by the trial court at any time. A court is not bound by its prior decision denying summary judgment. To the contrary, a court may reconsider it either by motion of one of the parties or sua sponte. It "is subject to revision by the trial court at any time prior to entry of final judgment, and the court may correct an error upon motion for reconsideration predicated upon the same law and facts." (Citations omitted.)

*First Place Bank v. Blythe*, 7th Dist. Columbiana No. 12 CO 27, 2013-Ohio-2550, ¶ 18.

{¶47} No hearing under R.C. 163.09(B)(1) has yet been held and no order in favor of the Park District has yet been issued. Thus, the provisions governing an immediate appeal under R.C. 163.09(B)(3) are inapplicable as they have not yet been triggered. An order denying an owner's motion for summary judgment on the ground

that there are genuine issues of material fact is not the equivalent of a judgment in favor of the Park District following a hearing under R.C. 163.09(B)(1).

{¶48} Additionally, although an appropriation proceeding is a "special proceeding" under R.C. 2505.02(B)(2), neither judgment entry was an "order that affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2); *City of Akron v. Carter,* 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 11 ("An order in an appropriation proceeding instituted under R.C. Chapter 163 is an order in a special proceeding as defined by R.C. 2505.02. *Cincinnati Gas & Elec. Co. v. Pope* (1978), 54 Ohio St.2d 12, 16, 8 O.O.3d 7, 374 N.E.2d 406.").

> An order affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (To prevail in contending that an order affects a substantial right, "appellants must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future"). Covered rights include any "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

*Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7. Although Chapter 163 appropriation proceedings are special proceedings, the orders denying summary judgment do not affect a substantial right because they merely found that genuine material factual issues existed that precluded judgment in defendants' favor as a matter of law. *Terpenning v. Comfortrol, Inc*., 10th Dist.

Franklin No. 09AP-315, 2009-Ohio-6418, ¶ 14 (order denying summary judgment in special proceeding is not a final appealable order). Delaying review of the trial courts' decisions until after the hearings under R.C. 163.09(B)(1) will not deny defendants full and complete relief. After the trial courts hold the hearings on the denials set forth in the defendants' answers, defendants will be entitled to an immediate appeal under R.C. 163.09(B)(3) and R.C. 2505.02(B)(7) if the orders are in favor of the Park District.

{¶49} The orders here are neither orders in favor of the Park District pursuant to R.C. 163.09(B)(3) and R.C. 2505.02(B)(7), nor are they orders that affect a substantial right made in a special proceeding under R.C. 2505.02(B)(2). For these reasons, I respectfully dissent and would dismiss the consolidated appeal for lack of jurisdiction.

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED. Costs shall be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Mahoning County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J., concurs in Judgment and Opinion.

Hess, J., dissents with Dissenting Opinion.

For the Court,

_____

Jason P. Smith
Seventh District Court of Appeals
Sitting By Assignment

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**